IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHARLIE BUTLER, JR.,

    Plaintiff,

vs.                                                Case No. 4:12cv405-WS/CAS

KENNETH S. TUCKER, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 13. After review of Plaintiff's initial complaint, he was directed to submit an amended complaint because Plaintiff did not set forth each factual allegation in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b), and because it appeared that his claim was barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Doc. 11. Plaintiff has now submitted an amended complaint, doc. 13, which is deficient for the same reasons.

    Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff did not use numbered paragraphs

when stating the facts of his complaint. However, there is no need to require Plaintiff to submit a second amended complaint which complies with Rule 10(b) because his claims cannot go forward.

Plaintiff claims that his due process and Eighth Amendment rights were violated when he was given a disciplinary report for allegedly trying to establish a personal and business relationship with a counselor at the prison. Doc. 13. Plaintiff contends the disciplinary report is false, and that Plaintiff was denied his due process rights in the hearing because the disciplinary hearing team refused to call Mrs. Reddick (the counselor) as a witness. *Id.* Plaintiff was found guilty of the disciplinary charge and was sentenced to sixty days in confinement. *Id.* Plaintiff contends that punishment was cruel and unusual punishment and violated his Eighth Amendment rights. *Id.* Plaintiff seeks monetary damages for "the cruel and unusal [sic] punishment of being in confinement and for the" violation of his constitutional rights. *Id.* at 7.

By virtue of the fact that Plaintiff was punished with sixty days in confinement, Plaintiff also had his sentence extended. Rules of the Department of Corrections provide that an inmate is "not eligible to receive incentive gain time for the month in which there is an infraction of the rules of the Department . . . for which he is found guilty." FLA. ADMIN. CODE R. 33-601.101(6)(a). Therefore, because Plaintiff could not receive gain time, his sentence was extended. As these claims relate to a disciplinary report in which Plaintiff lost gain time, and it does not appear that the disciplinary report has yet been reversed, overturned on appeal, or expunged,[1] this case cannot go

---

[1] In the Order permitting Plaintiff to submit an amended complaint, Plaintiff was advised of the need to demonstrate that the disciplinary report had been overturned. Doc. 11. Because Plaintiff failed to do so, it must be presumed that the disciplinary

forward. Under Heck v. Humphrey, *supra*, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id.* Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Heck has since been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gain time, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits is not cognizable under § 1983. Plaintiff's claims in this case are foreclosed by Heck and Balisok as the claims are based on defects in the disciplinary hearing which resulted in a loss of gain time.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by Heck and Balisok, and that the order adopting this report and recommendation direct the

---

report has not been vacated or overturned.

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2012.

  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**